UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FLAGSTAR BANK, FSB,

                Plaintiff,                              Case No. 13-10290

vs.                                         HON. MARK A. GOLDSMITH

SOUTHERN STAR CAPITAL, LLC, et al.,

                Defendants.

_____/

## OPINION AND ORDER DENYING
## DEFENDANTS' MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT (DKT. 21)

### I. INTRODUCTION

      This is a breach of contract case.  Plaintiff Flagstar Bank alleges that Defendant Michael Anderson and Defendant Reliance Mortgage Company Inc. (Reliance) breached a purchase agreement for mortgage loans.  Flagstar further alleges that Defendant Southern Star Capital, LLC d/b/a Reliance Mortgage Company (SSC) has successor liability for Reliance's conduct, that Anderson is the alter ego of both entities, and that corporate formalities should be disregarded.  Reliance, apparently an inactive Texas corporation, has not appeared in the case. Before the Court is Anderson and SSC's motion to set aside the clerk's entry of default to Reliance (Dkt. 21).  Flagstar submitted a response brief opposing the motion (Dkt. 23) and Anderson and SSC filed a reply brief (Dkt. 24).  Oral argument was heard on May 9, 2013 and, afterward, the Court permitted the parties to file supplemental briefs (Dkts. 26, 27).  For the reasons explained below, the Court denies the motion to set aside the clerk's entry of default.

## II.  BACKGROUND

The Court already addressed the facts leading up to the filing of this lawsuit in a previous order, <u>see</u> 6/12/2013 Order (Dkt. 28), and therefore, provides an abbreviated version here.

According to the complaint, Flagstar entered into a purchase agreement with Reliance in 2001.  Compl. ¶ 8 (Dkt. 3-2).  Flagstar contends that the three Defendants were acting together as the "agents, servants, employees, or partners of each other."  <u>Id.</u> ¶ 10.  Flagstar further contends that Anderson is the alter ego of Reliance and SSC, so as to allow Anderson to perpetrate fraud. <u>Id.</u> ¶¶ 12-13.

Flagstar alleges that four loan packages presented by Defendants amounted to fraud. Between 2004 and 2007, Flagstar funded mortgage loans for two residential properties in Texas and one residential property in Colorado.  Reliance provided Flagstar with the notes and mortgages.  <u>Id.</u> ¶¶ 15, 21.  Flagstar sold the loans to Fannie Mae.  Afterward, Flagstar alleges that it discovered fraud and irregularities in the closing documents and property appraisals and was required to indemnify Fannie Mae, incurring losses from the four loans totaling $328,258.52.  <u>Id.</u> ¶¶ 16, 18, 22, 24, 28-30.  Flagstar demanded indemnification from Reliance, but Reliance refused to pay.  <u>Id.</u> ¶¶ 19, 25, 31.

Flagstar filed a three-count complaint in Oakland County state court.  Flagstar alleges breach of contract and fraudulent/negligent misrepresentation by Reliance and Anderson. Flagstar further alleges successor liability against SSC.  According to Flagstar, "Reliance Mortgage Company" is the trade name of SSC and Reliance.  <u>Id.</u> ¶ 71.  Flagstar further alleges that both SSC and Reliance have the same business purpose (the origination of mortgage loans), the same management, and constitute a singular enterprise with different corporate forms.  <u>Id.</u> ¶¶ 72-75.  Flagstar seeks $325,308.52 in damages.  <u>Id.</u> ¶ 75.

Anderson and SSC removed the case, see Am. Notice of Removal (Dkt. 3), and filed a motion to transfer venue to the Northern District of Texas (Dkt. 6). The Court denied the motion and retained the case. 6/12/2013 Order (Dkt. 28). Additionally, Reliance had a clerk's entry of default entered against it. 3/29/2013 Entry of Default (Dkt. 20). After the clerk entered the default, Anderson and SSC filed the present motion to set aside the default. Defs.' Mot. (Dkt. 21). To date, Reliance has not appeared.

### III. ANALYSIS

#### A. The Parties Arguments

In the instant motion, Anderson and SSC argue that the entry of default against Reliance should set aside, that the record "require[s] correction," and that "proper procedure" should be followed before adding a party defendant. Defs.' Br. at 1 (Dkt. 21). Anderson and SSC argue that process was never effectuated against Reliance. Id. at 2-4. Anderson and SSC assert that the default should be set aside because there "is some possibility that a default and/or a judgment may not be entered" after the case is decided on the merits. Id. Anderson and SSC maintain that Flagstar will not be prejudiced by setting aside the default. Id. at 5-8. Lastly, they contend that Reliance was improperly added to the docket on April 16, 2013 and that only a court order could have added Reliance. According to the movants, Flagstar should have objected to the improper removal and filed a motion to remand under 28 U.S.C. § 1447(c). Id. at 8. The reply brief reiterates these arguments.

In response, Flagstar argues that service of process was appropriately completed upon Reliance. Pl.'s Resp. at 5-12. Flagstar also argues that Anderson and SSC lack standing to seek setting aside the default against Reliance. Id. at 14-15. Flagstar argues that, even if Anderson and SSC have standing, they fail to meet the applicable test under Federal Rule of Civil

Procedure 55(c) for setting aside a default judgment.  Id. at 15-18.  Lastly, Flagstar maintains that under Rule 55(a) and Local Rule 55.1, there is no requirement that it had to obtain an order to add Reliance as a party on the PACER system.  Flagstar points out that Anderson and SSC failed to enter Reliance as a party when they removed the case from Oakland County Circuit Court.  Id. at 19.

Anderson and SSC's supplemental brief asserts that they have standing because they have suffered an injury.  Defs.' Supp. Br. at 2.  Anderson and SSC state that the entry of default "casts doubt on the integrity of the judicial process and the general fairness of the proceeding" and that "if Plaintiff's claim for successor liability is successful, [SSC] may be held liable under a Default that was never litigated or determined on its merits."  Id. at 3.  SSC and Anderson acknowledge that they share a name in common with Reliance, but reiterate that service of process was not effective and that Flagstar should have filed a motion for remand.  Id. at 4-7.

Flagstar's supplemental brief argues that Anderson and SSC lack standing because they are not parties named in the clerk's entry of default and their interests are not directly affected by the default.  Pl.'s Supp. Br. 3-7 (Dkt. 27).  Flagstar argues that even an assignee of a corporate debt or a surety lacks standing to set aside a clerk's entry of default under Rule 55(c).  Id. at 7-9.  Lastly, Flagstar notes that even if a default judgment is entered against Reliance, Anderson and SSC are, nonetheless, entitled to argue that they do not have successor liability for Reliance.  Id. at 9-10.

### B.  The Clerk's Entry of Default

Under Rule 55, the court's clerk may enter a default against a party that has "failed to plead or otherwise defend" an action.  Fed. R. Civ. P. 55(a).  The "entry of default is just the first procedural step on the road to obtaining a default judgment."  Shepard Claims Serv. v. William

4

Darrah & Assocs., 796 F.2d 190, 193 (6th Cir. 1986).  However, as federal courts have a "policy of favoring trials on the merits," courts are empowered to set aside a clerk's entry of default under Rule 55(c) if "good cause" is shown.  Id.  This policy applies whether considering a motion under Rule 55(c) or Rule 60(b).  Id.  Indeed, the Sixth Circuit has recognized that the

> same factors that control a motion to vacate an entry of default under Rule 55(c) are also applicable in determining whether to vacate a default judgment:  (1) whether the opposing party would be prejudiced;  (2) whether the proponent had a meritorious claim or defense; and (3) whether the proponent's culpable conduct led to the default.

Weiss v. St. Paul Fire & Marine Ins. Co., 283 F.3d 790, 794 (6th Cir. 2002).  See also 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2696 (3d ed. 1998) ("Any of the reasons sufficient to justify the vacation of a default judgment under Rule 60(b) normally will justify relief from a default entry and in various situations a default entry may be set aside for reasons that would not be enough to open a default judgment.").

Courts have ordered an entry of default when a defendant has failed to defend, over the objection of other parties who would not be party to the entry of default.  See, e.g., Epicentre Strategic Corp. v. Cleveland Const., Inc., No. 04-40278, 2007 WL 715297 (E.D. Mich. Mar. 7, 2007).  In Epicentre, the plaintiff moved for an entry of default and default judgment against a third-party defendant.  The third-party defendant had not appeared in the case, but the defendant filed a response to the motion for an entry of default.  In granting the motion in part and denying it in part, the court applied the three-factor test to set aside an entry of default under Rule 55(c).  Id. at *10.  The court noted that the defendant maintained that it had no relationship with the third-party defendant, although the defendant had filed an answer on behalf of the third-party defendant, and that the plaintiff's conduct had not contributed to the third-party defendant's default.  Id. at *11-*13.  The court did not reach any other defenses, ruling that the third-party

defendant could later seek to set aside the default.  Id. at *14 (citing Meehan v. Snow, 652 F.2d 274 (2d Cir. 1981)).

Here, like the defendant in Epicentre who maintained its independence from the third-party defendant and filed a response to the plaintiff's motion for entry of default, Anderson and SSC maintain that they have no relationship with Reliance, yet filed the instant motion.  The defendant in Epicentre failed in preventing the entry of default, even though it was the assignee of a security interest from the third-party defendant.  Epicentre, 2007 WL 715297 at *2.  Applying the persuasive reasoning of Epicentre to the instant case, Anderson and SSC have not identified a formal legal relationship that would provide Anderson and SSC a basis to attack the entry of default.  Instead, Anderson and SSC disclaim any current relationship with Reliance.

Courts have also examined whether a party, who is not a party to a default judgment, has standing to set the default judgment aside.  "'The general rule is that one must either be a party or a party's legal representative in order to have standing to bring any Rule 60(b) motion.'"  Bridgeport Music v. Smith, 714 F.3d 932, 940 (6th Cir. 2013) (quoting Kem Mfg. Corp. v. Wilder and RJW, Inc., 817 F.2d 1517, 1519-1520 (11th Cir. 1987)).  Nonparties to a default judgment lack standing under the "plain language" of Rule 60(b).  Id.  However, the Sixth Circuit has recognized exceptions to the general rule.  For example, a nonparty can challenge a default judgment by (i) demonstrating privity, (ii) raising a claim of fraud on the court, or (iii) showing that "its interests were directly or strongly affected by the judgment."  Id. at 940-941.

Bridgeport Music is instructive with regard to whether a nonparty's interests are "directly or strongly affected" by the clerk's entry of default, the procedural point one step removed from a default judgment.  In that case, a songwriter assigned his rights to a song he wrote to Bridgeport Music.  Id. at 934.  Years later, a rapper and other recording professionals sampled

6

the song for their own commercial purposes.  Id.  Bridgeport Music sued the rapper and recording professionals in 2003 for copyright infringement and obtained default judgments against them in 2004.  Id.  Afterward, in 2011, the songwriter's widow, who had inherited the renewal copyright interest in the song, sued Bridgeport Music to set aside the default judgments under Rule 60(b).  Id.  The Sixth Circuit held that the widow lacked standing to set aside the default judgments because the widow had not established that her renewal copyright interest was "'strongly affected.'"  Id. at 941.  The court explained that the widow "had not shown that she was prevented from litigating any claims due to a previous judgment to which she was not a party," had successfully registered her renewal rights, and filed her own lawsuit.  Id. at 941.

Here, under the general rule, Reliance, as a party-defendant, could move to set aside the entry of default, see id., 714 F.3d at 940.  However, it has not appeared in this case.  As such, Reliance has done nothing to defend against the claims in Plaintiff's complaint.

Anderson and SSC, in moving to set aside the entry of default, must then come under one of the general rule's exceptions if they are to be accorded standing.  Anderson and SSC do not make a claim of privity or fraud on the court.  Although they do not expressly state that their interests would be "strongly affected," the substance of Anderson and SSC's argument is that their interests are affected by the entry of default because of the potential for Flagstar to succeed on a theory of successor liability.[1]  Defs.' Br. at 7 ("Even though Southern Star denies any liability for the actions of Reliance Mortgage Company, Inc. or anybody else, Southern Star

---

[1] Anderson and SSC's reliance upon Powers v. Ohio, 499 U.S. 400 (1991) is misplaced. In Powers, the court held that  a criminal defendant had standing to raise the equal protection rights of a juror who was excused through the exercise of a peremptory challenge by a racially motivated prosecutor.  Id. at 410-411.  In doing so, the court stressed the common interest that both the excluded juror and the criminal defendant had in preserving the fundamental integrity of the judicial system and the low probability that a rejected juror would have any legal redress, as a practical matter.  Id. at 411-416.  Neither of these factors is present in our case.

takes the position that, because of Plaintiff's claim for successor liability, no defaults or judgments of any kind should be entered until the merits of this case are decided.").

The Court rejects this argument. In their supplemental brief, Anderson and SSC state that they "may be negatively affected by" clerk's entry of default. Defs.' Supp. Br. at 3. And they claim that their reputations and future business opportunities may be harmed because of the historical affiliation of Anderson with Reliance in the past and that SSC does business as "Reliance Mortgage Company." Id. at 4-5. But these reasons are indirect and speculative. Further, Anderson and SSC have not established that they have been or are prevented from "litigating any claims" due to the entry of the default. Bridgeport Music, 714 F.3d at 941. In fact, Count III of the complaint contains the allegation of successor liability against SSC, so that the instant case offers Anderson and SSC the opportunity to litigate Plaintiff's successor liability claim premised on Reliance's conduct.

## IV.  CONCLUSION

For the reasons stated above, the Court denies Anderson and SSC's motion to set aside the clerk's entry of default entered against Reliance (Dkt. 21).

SO ORDERED.

Dated: October 21, 2013                          s/Mark A. Goldsmith
      Flint, Michigan                            MARK A. GOLDSMITH
                                                 United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 21, 2013.

                                                 s/Deborah J. Goltz
                                                 DEBORAH J. GOLTZ
                                                 Case Manager