UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FLAGSTAR BANK, FSB,

        Plaintiff,

                                     Case No. 13-CV-10290

vs.

                                     HON. MARK A. GOLDSMITH

SOUTHERN STAR CAPITAL, LLC, et al.,

        Defendants.

_____/

## ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Dkt. 29)

### I. INTRODUCTION

This is a breach of contract case. Plaintiff Flagstar Bank claims that it entered into a contract with Reliance Mortgage Company ("Reliance"), whereby Reliance would submit to Plaintiff loan packages consisting of mortgage loans for approval and funding. Plaintiff alleges that Reliance breached the agreement by failing to provide loans that conformed to the terms of the agreement and by including misrepresentations in the loan packages. Plaintiff also claims that Defendants Southern Star Capital, LLC ("SSC") and Michael Anderson are the alter egos of Reliance and each other. To date, Reliance has not appeared in the case. Furthermore, no discovery under the Federal Rules of Civil Procedure had occurred as of the date of the pending motion. However, in response to Plaintiff's complaint, Defendants SSC and Anderson (hereinafter collectively referred to as "Defendants") moved for summary judgment (Dkt. 29). The matter is fully briefed and oral argument was held on November 14, 2013. For the reasons set forth below, the Court denies the motion.

## II. BACKGROUND[1]

According to the complaint, Plaintiff entered into a contact with Reliance, a now defunct Texas corporation, in 2001.   Compl. ¶ 8 (Dkt. 3-2).   Plaintiff contends that Reliance, an individual named Michael Anderson, and SSC, a Texas limited liability company, were acting together as the "agents, servants, employees, or partners of each other."  Id. ¶ 10.  Plaintiff further contends that Anderson is the alter ego of Reliance and SSC, so as to allow Anderson to perpetrate fraud.  Id. ¶¶ 12-13.

Plaintiff alleges that various loan packages presented by Reliance amounted to fraud. Between 2004 and 2007, Plaintiff funded mortgage loans for two residential properties in Texas and one residential property in Colorado.   Reliance provided Plaintiff with the notes and mortgages.  Id. ¶¶ 15, 21.  Plaintiff sold the loans to Fannie Mae.  Afterward, Plaintiff alleges that it discovered fraud and irregularities in the closing documents and property appraisals and was required to indemnify Fannie Mae, incurring losses from the loans totaling $328,258.52.  Id. ¶¶ 16, 18, 22, 24, 28-30.   Plaintiff demanded indemnification from Reliance, but Reliance refused to pay.  Id. ¶¶ 19, 25, 31.

Plaintiff filed a three-count complaint in Oakland County Circuit Court.  Plaintiff alleges breach of contract against Reliance and Anderson (Count I), fraudulent/negligent misrepresentation by Reliance, Anderson, and SSC (Count II), and successor liability against SSC (Count III).  According to Plaintiff, "Reliance Mortgage Company" is the trade name of SSC and Reliance.  Id. ¶ 71.  Plaintiff further alleges that both SSC and Reliance have the same business purpose (the origination of mortgage loans), the same management, and constitute a

---

[1] The Court has already addressed the facts leading up to the filing of this lawsuit, as alleged in the complaint, in two previous orders.  See 6/12/2013 Order (Dkt. 28) (denying Defendants' motion to transfer venue) and 10/21/2013 Order (Dkt. 33) (denying Defendants' motion to set aside entry of default as to Reliance).  Therefore, the Court recites an abbreviated version here.

singular enterprise with different corporate forms.  Id. ¶¶ 72-75.  Plaintiff seeks $325,308.52 in damages.  Id. ¶ 75.

Defendants removed the case, see Am. Notice of Removal (Dkt. 3), and filed a motion to transfer venue to the Northern District of Texas (Dkt. 6).  The Court denied the motion and retained the case.  6/12/2013 Order (Dkt. 28).  Additionally, a default was entered against Reliance.  3/29/2013 Entry of Default (Dkt. 20).  After the clerk entered the default, Defendants filed a motion to set aside the default, which the Court denied.  10/21/2013 Order (Dkt. 33).  To date, Reliance has not appeared.

Prior to the Court's denial of the motion to set aside the entry of default or issuance of a case management and scheduling order opening discovery, Defendants filed the instant motion for summary judgment (Dkt. 29).  In an affidavit attached to the motion for summary judgment, Anderson states that he was never a shareholder or owner of Reliance, only "administratively held the title of CEO," and never entered into an agreement with Plaintiff.  9/12/13 Anderson Aff. ¶¶ 6-10 (Dkt. 29-5).  According to Anderson, Reliance was "formerly owned by the Agnes E. Anderson Trust" and then was sold to a James F. Dunkerley in 2002.  Id. ¶¶ 5, 11.  Anderson states that he continued to work for Dunkerley after the sale.  Id. ¶ 13.  Anderson further claims that he worked for other mortgage companies from 2007-2010.  Id. ¶14.  Anderson admits that he owns SSC and that SSC uses the name of Reliance because there is good will associated with it, but disclaims any relationship between SSC and Reliance.  Id. ¶¶ 16-23.

### III.  SUMMARY JUDGMENT STANDARD

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  When a defendant seeks summary judgment, the defendant "bears the initial

responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quotation marks omitted). "[A] plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment . . . as long as the plaintiff has had a full opportunity to conduct discovery." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1988).

## IV. ANALYSIS

Plaintiff alleges that Anderson, Reliance, and SSC are the alter egos of each other. Compl. ¶ 13 ("Defendant [SSC] constitutes the alter ego of the principal, Michael D. Anderson and also co-defendant Reliance Mortgage"); see id. ¶ 46 (Reliance "was simply [Anderson's] alter ego"). Plaintiff advances two claims against Anderson: breach of contract (Count I) and negligent/intentional misrepresentation (Count II). Compl. ¶¶ 32-66. Plaintiff also directs two claims against SSC: negligent/intentional misrepresentation (Count II), id. ¶¶ 57-66, and successor liability (Count III). Id. ¶¶ 67-75.

Defendants attack these allegations by arguing that SSC cannot be held liable for the alleged breach of contract because SSC was not a party to the contract with Plaintiff. Defs. Br. at 5-6. Defendants further argue that the "only way" SSC can be held liable is "under a successor liability theory," which is governed by Texas law. Id. at 6-9. With respect to Anderson, Defendants argue that Anderson cannot be held liable for Reliance's alleged breach of contract because Anderson was not a party to the relevant contract. Id. at 10-12. Defendants next argue that Anderson cannot be held liable for Reliance's conduct under a fraud theory because corporate formalities should not be discarded under sections 21.223 and 101.114 of the

Texas Business Organizations Code.  <u>Id.</u> 12-16.  Defendants also observe that Plaintiff filed an "unverified complaint" and they claim that Plaintiff lacks evidentiary support for its allegations. <u>Id.</u> at 16.  Lastly, Defendants assert that Plaintiff failed to plead fraud with particularity.  <u>Id.</u> at 16-19.

In response, Plaintiff maintains that its successor liability claim is governed by Michigan law because the court exercises diversity jurisdiction and, in such instances, federal courts apply the choice of law rules of the state that embraces the court.  Pl. Resp. at 13-15 (Dkt. 31). According to Plaintiff, Michigan courts follow the Restatement (Second) of Conflict of Law, which provides for the enforcement of forum selection clauses, such as the one at issue in this case.  <u>Id.</u> at 14.  Plaintiff argues that there are several facts demonstrating that a question of fact exists as to whether SSC is a successor to Reliance.  <u>Id.</u> at 15-20.  For example, Plaintiff states that SSC's current website advertises that it has been in business since 1989 with Anderson as its founder.  <u>Id.</u> at 16.  Lastly, Plaintiff argues that summary judgment should be denied under Federal Rule of Civil Procedure 56(d) because of the lack of discovery.[2]  <u>Id.</u> at 22.

Plaintiff's last argument under Federal Rule of Civil Procedure 56(d) is well-taken.  Rule 56(d) allows a court to deny a summary judgment motion in order to allow discovery.  To establish the need for discovery to respond to a summary judgment motion, the nonmovant must do more than make vague allegations or conclusory statements regarding the need for such

---

[2] In their reply brief, Defendants do not develop their original arguments or respond to Plaintiff's response brief, but make new arguments concerning (i) Michigan choice of law rules, (ii) the Restatement (Second) of Conflict of Laws § 307, and (iii)  and that, under Texas law, the statute of limitations has run.  Defs. Reply Br. at 3-7 (Dkt. 32).  As courts have recognized, this is improper on reply, and the Court will not consider these arguments to the extent that they raise new issues for the first time.  <u>Sanborn v. Parker</u>, 629 F.3d 554, 579 (6th Cir. 2010); <u>Peacock v. Acuity Ins. Co.</u>, No. 09-14805, 2010 WL 1814676, at *2 (E.D. Mich. May 6, 2010) ("[S]ince these arguments were raised for the first time in Defendant's reply brief, the Court will not consider them in deciding Defendant's motion as Plaintiffs were given no opportunity to respond to them.").

discovery.  Lanier v. Bryant, 332 F.3d 999, 1006 (6th Cir. 2003).  In requesting discovery, Rule 56(d) requires a declaration or affidavit from the nonmovant to "indicate the need for discovery, what material facts may be uncovered, and why the information has not been previously discovered."  Egerer v. Woodland Realty, Inc., 556 F.3d 415, 426 (6th Cir. 2009).

Here, as Plaintiff's counsel correctly states in his affidavit, no discovery has been conducted.  Pl. Aff. ¶ 2 (Dkt. 31-15).  As the docket reflects, Defendants filed the instant motion prior to the Court issuing a case management and scheduling order.  Plaintiff's counsel also states that discovery will allow the parties to determine the specific roles of Defendants, if any, in relation to Reliance.  Id. ¶¶ 3-8.  The Court agrees because the filing of a summary judgment motion prior to discovery runs counter to the "well-established" rule "that the plaintiff must receive 'a full opportunity to conduct discovery' to be able to successfully defeat a motion for summary judgment."  Ball v. Union Carbide Corp., 385 F.3d 713, 719-720 (6th Cir. 2004) (quoting Anderson 477 U.S. at 257).  See also Celotex, 477 U.S. at 322 (permitting entry of summary judgment only "after adequate time for discovery"); White's Landing Fisheries, Inc. v. Buchholzer, 29 F.3d 229, 231-232 (6th Cir. 1994) ("[in light of Anderson and Celotex,] a grant of summary judgment is improper if the non-movant is given an insufficient opportunity for discovery").

Furthermore, Plaintiff's counsel's affidavit reflects that courts have repeatedly recognized that the analysis of corporate veil-piercing claims, such as alter ego or successor liability, is fact-intensive.  See, e.g., Road Sprinkler Fitters Local Union No. 669 v. Dorn Sprinkler Co., 669 F.3d 790, 793 (6th Cir. 2012) (stating that "an alter-ego determination is fact intensive"); United States v. Jon-T Chems., Inc., 768 F.2d 686, 694 (5th Cir. 1985) (observing, without deciding whether federal or Texas law applied, that "resolution of the alter ego issue is heavily fact-

specific and, as such, is peculiarly within the province of the trial court"); In re Nat'l Airlines, Inc., 700 F.2d 695, 698 (11th Cir. 1983) (observing that "the test for successor liability is fact specific and must be conducted 'in light of the facts of each case and the particular legal obligation which is at issue'" (quoting Howard Johnson Co., Inc. v. Detroit Local Joint Exec. Bd., 417 U.S. 249, 262 n.9 (1974))).

The Court concludes that discovery will properly define and refine the issues, which may then be amenable to summary judgment treatment.[3]  Therefore, summary judgment in favor of Defendants is inappropriate at this time.[4]

## V.  CONCLUSION

The Court denies Defendants' motion for summary judgment (Dkt. 29) without prejudice. The motion may be renewed after the completion of discovery.

SO ORDERED.

Dated: February 20, 2014          s/Mark A. Goldsmith
       Flint, Michigan           MARK A. GOLDSMITH
                                  United States District Judge

---

[3] In finding that the record has not been sufficiently developed, the Court does not decide the choice of law issue lurking in the case.  However, the Court observes that the issue is, perhaps, more nuanced than presented in the papers.  See, e.g. Johnson v. Ventra Grp., 191 F.3d 732, 738-739 (6th Cir. 1999); Kalb, Voorhis & Co. v. Am. Fin. Corp., 8 F.3d 130, 132 (2d Cir. 1993).

[4] The Court also rejects Defendants' argument that Flagstar filed an "unverified complaint, which contains groundless claims for which Flagstar has no evidentiary support."  Defs. Br. at 16.  Defendants fail to cite to any law for this argument and have not met their burden to inform the Court why they should have judgment entered in their favor.  Celotex, 477 U.S. at 323. Likewise, the Court also rejects Defendants' argument that Plaintiff failed to plead with particularity.  Defendants cite Federal Rule of Civil Procedure 9(b), but fail to explain how that rule applies to Plaintiff's complaint or what is necessary under the rules for pleading misrepresentation.  Defendants' failure to develop this argument provides the Court sufficient basis to reject it.  Id.